Ernest LANDRY, Jr., Petitioner–
Appellant,

v.

Thomas MADDOCK, Respondent–
Appellee.

No. 00–15940.

D.C. CV–98–00019–TEH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 12, 2001.

Decided March 20, 2001.

Before REINHARDT, RYMER, and FISHER, Circuit Judges.

## MEMORANDUM *

Ernest Landry appeals the district court's denial of his habeas petition. Landry argues that the state appellate court violated his constitutional right to an adequate record on appeal by denying his request for the transcript of the entire voir dire, which he sought to pursue a challenge under *People v. Wheeler*, 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 (1978). We affirm.

In *Britt v. North Carolina*, the United States Supreme Court held that a "state must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." 404 U.S. 226, 227, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971). The *Britt* Court identified two factors relevant to determining whether a given transcript is necessary for an adequate defense: "(1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions of a transcript." *Id.*

Landry argues first that the transcript of the entire voir dire—as opposed to the voir dire of only the challenged jurors—is necessary because comparative analysis between the answers given by the challenged and unchallenged jurors could demonstrate that the prosecutor unlawfully challenged jurors on the basis of race. Under California law, an appellate court may not conduct a comparative analysis of the jurors' voir dire answers when ruling on a *Wheeler* motion. *People v. Montiel*, 5 Cal.4th 877, 909, 21 Cal.Rptr.2d 705, 855 P.2d 1277 (1993). Landry has failed to show, under AEDPA, that the appellate court's application of *Montiel* was contrary to or involved an unreasonable application

of clearly established law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d); *see Burks v. Borg*, 27 F.3d 1424, 1427 (9th Cir.1994).

Landry also argues that the transcript was necessary to his appeal because when reviewing the denial of a *Batson/Wheeler* motion a court must look to the whole record to determine the propriety of a trial court's determination that a prosecutor's strikes were not racially motivated. Whatever the merits of that argument may be, Landry has failed to show that the denial of a full voir dire transcript is contrary to or involves an unreasonable application of clearly established Supreme Court law. 28 U.S.C. § 2254(d).

Accordingly, we AFFIRM the district court's denial of Landry's petition for a writ of habeas corpus.

AFFIRMED.

REINHARDT, Circuit Judge, dissenting.

I dissent from the majority's holding because I believe that a transcript of the entire voir dire is necessary to effectively challenge a trial court's finding that a prosecutor's strikes were not racially motivated, *see Hernandez v. New York*, 500 U.S. 352, 363, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991), and that the refusal to afford Landry the voir dire transcript was contrary to or an unreasonable application of the rule established in *Britt v. North Carolina*, 404 U.S. 226, 227–28, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971).

---

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.